AB DATA LTD,

        Plaintiff,

v.

                                            Case No. 23-cv-0978-bhl

RICOH USA INC,

        Defendant.

## ORDER DENYING MOTION TO ALTER JUDGMENT

        On January 30, 2024, the Court granted Defendant Ricoh USA, Inc. (Ricoh)'s motion and dismissed this case for *forum non conveniens*. (ECF No. 17.) Four weeks later, Plaintiff A.B. Data, Ltd. (AB Data) moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 19.) It argues that the Court made a manifest error of fact when it concluded that AB Data had not alleged any fraudulent statements by Ricoh relating specifically to the forum-selection clause at issue. Because the Court finds no manifest error, AB Data's motion will be denied.

## BACKGROUND

        In 2019, AB Data contracted with Avanti Computer Systems Limited (Avanti)[1], a Canadian corporation, to license Avanti's proprietary "Slingshot" data management software. (ECF No. 1-2 ¶10; ECF No. 5-1.) The license agreement contained a forum-selection clause requiring AB Data to bring any suit relating to the agreement in the Province of Ontario, Canada. (ECF No. 5-1 at 7.) Nevertheless, when the software failed to perform as promised, AB Data filed suit against Ricoh in Milwaukee County Circuit Court asserting claims for: (1) breach of contract; (2) fraudulent inducement; (3) misrepresentation; (4) theft by false representation, pursuant to Wis.

---

[1] Ricoh and Avanti are separate but related companies. (*See* ECF No. 17 at 2 n.2.) Defining the precise contours of their relationship was unnecessary to decide Ricoh's motion to dismiss and remains unnecessary to decide the present motion. Because the distinction is immaterial, the Court will continue to treat Ricoh and Avanti as the same entity for the purpose of deciding this motion.

Stat. §§ 895.446, 943.20; (5) unjust enrichment; and (6) breach of the duty of good faith and fair dealing. (ECF No. 1-2.) Ricoh responded by first removing the case to federal court, (ECF No. 1), and then filing a motion to dismiss under the doctrine of *forum non conveniens*, asking the Court to hold AB Data to the forum-selection clause it agreed to in its contract with Avanti. (ECF No. 4.) The Court concluded that the license agreement's forum-selection clause was valid, mandatory, and applicable to each of AB Data's claims. (ECF No. 17.) Accordingly, the Court granted Ricoh's motion and dismissed the case for *forum non conveniens*.

## LEGAL STANDARD

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## ANALYSIS

AB Data argues that the Court misinterpreted its argument in opposition to Ricoh's motion to dismiss for *forum non conveniens* and made a manifest error of fact in doing so. (ECF No. 20 at 2–3.) It argues now, as it did then, that the forum-selection clause it agreed to was procured by fraud because "Avanti fraudulently misrepresented the fundamental nature of its product." (*Id.* at 3; *see also* ECF No. 8 at 9–12.) But as the Court already explained, Seventh Circuit law (as well as Canadian law) will only invalidate a forum-selection clause between sophisticated companies if "the clause itself was procured by fraud." (ECF No. 17 at 5 (quoting *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006).) AB Data's only allegations of fraudulent misrepresentation relate to the contract as a whole, not the forum-selection clause. The Court did not misunderstand AB Data's argument. Nor did it make a manifest error of fact. To the contrary, the Court appropriately considered and rejected AB Data's argument under the appropriate Seventh Circuit law (and Canadian law for good measure).

While AB Data needlessly belabors the point from various angles, its main arguments all boil down to one basic premise—Ricoh misrepresented the capabilities of its software, which misled AB Data into believing it did not need to negotiate a more favorable forum-selection clause. (*See* ECF No. 20 at 2–14; ECF No. 22.) But the Seventh Circuit requires that the alleged fraud

specifically relate to the forum-selection clause, not to the contract as a whole. *See Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 443 (7th Cir. 2012). What AB Data might have negotiated absent Ricoh's alleged misrepresentations is immaterial, regardless of whether "AB Data agreed to the forum selection clause *because* of Ricoh's [misrepresentation]." (*See* ECF No. 20 at 2 (emphasis in original).)

Moreover, the Court already considered and rejected this argument in granting Ricoh's motion to dismiss for *forum non conveniens*. (*See* ECF No. 17 at 4–6.) And "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (quoting *Oto*, 224 F.3d at 606). That is precisely what AB Data is attempting to do, its tortured parsing of the Court's language to find fault notwithstanding. (*See* ECF No. 20 at 2; ECF No. 21 at 5–7.)

AB Data suggests the Court rejected its argument because it "failed to allege that Ricoh made any affirmative misrepresentations that affected AB Data's *decision-making* concerning the forum selection clause." (ECF No. 22 at 4 (emphasis added).) This misstates the Court's ruling and suggests a fundamental misunderstanding of Seventh Circuit law. For a forum-selection clause to be found void for fraud, the alleged fraud must be *directly related* to the clause itself. It is not sufficient to allege that fraudulent statements regarding the subject of the contract affected AB Data's decision-making process. "The clause is not unclear, in illegible print, in Sanskrit or hieroglyphics, or otherwise suggestive of fraudulent intent." *Raintree*, 702 F.3d at 443. Nor has AB Data alleged that Ricoh "tried to mislead [it] concerning the meaning of the clause, or selected a foreign forum to make it difficult for the plaintiff[] to enforce [its] rights under the contract[]."[2] *See id.* These are the types of allegations of fraud the Seventh Circuit requires to invalidate an otherwise valid forum-selection clause. AB Data has made no such allegations. AB Data's inability to "accurately assess[] its risk," (*see* ECF No. 20 at 6), cannot invalidate the forum-selection clause it agreed to, regardless of whether Ricoh misrepresented the capabilities of its software. Nor is it relevant whether AB Data characterizes its contract with Ricoh as a "software development agreement" rather than a "mere purchase/license agreement." (*See id.*) These arguments relate to the contract as a whole, not the forum-selection clause. AB Data's arguments

---

[2] While AB Data does argue that litigating in Canada would present "an extreme burden to AB Data," (ECF No. 20 at 15), it does not argue that Ricoh selected that forum for the purpose of making it difficult for AB Data to enforce its rights. Nor could it likely make such argument with any force, considering the company it actually contracted with (Avanti) is headquartered in Canada. (*See* ECF No. 10 at 2.)

make that exceedingly clear: "AB Data did no[t] know that Avanti was knowingly misrepresenting its software capabilities and tricking AB Data into paying Avanti to develop its incomplete code into a software product that might, potentially, one day, successfully integrate with AB Data's systems." (ECF No. 20 at 3 (emphasis removed).) Even if those misrepresentations affected AB Data's decision-making regarding the forum-selection clause, that is not sufficient to invalidate the clause.

If allegations of fraudulent inducement, combined with a self-serving argument that the plaintiff would have negotiated a different forum-selection clause absent that inducement, were sufficient to invalid a forum-selection clause, then the Seventh Circuit's directive that a forum-selection clause can only be found invalid "because *the clause itself* was precured by fraud" would be superfluous. See *Muzumdar*, 438 F.3d at 762 (emphasis added). Furthermore, AB Data's own pleading contradicts its claims that it would have negotiated a different forum-selection clause absent Ricoh's alleged fraud: "If Ricoh had been truthful about Slingshot's capabilities, AB Data would never have entered into the Slingshot contract." (ECF No. 1-2 ¶78.) This, again, underscores the fundamental flaw in AB Data's argument—the fraud it alleges relates to AB Data's contract with Ricoh, not the forum-selection clause contained within that contract.

AB Data's other arguments are also meritless. As the Court explained, a valid forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (quoting *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). And the Court is precluded from considering arguments concerning the parties' private interests. *Id.* at 64. That is true even if the parties' chosen forum places an "extreme burden" on one of the parties. (*See* ECF No. 20 at 15.) The only public interest argument AB Data makes[3] is that, "Upon information and belief, Ontario courts are tremendously overburdened and litigating a case like this one in Ontario is a ten-year process." (ECF No. 20 at 15.) But a Rule 59(e) motion "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Beyrer*, 722 F.3d at 954 (quoting *Bordelon v. Chi. Sch. Reform Bd. Of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). AB Data makes no attempt to establish that the alleged congestion of the Ontario courts is newly discovered evidence that could not have been presented earlier.

---

[3] AB Data also makes a public policy argument that is predicated on a finding that the forum-selection clause was procured by fraud, an argument the Court has now twice rejected. (*See* ECF No. 20 at 14.)

## CONCLUSION

AB Data's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) will be denied because it has failed to establish that the Court made a manifest error of law or fact, or that newly discovered evidence warrants altering the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that AB Data's Motion to Alter Judgment, ECF No. 19, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge